J-S44008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTOPHER MICHAEL LEONARDI :
:
Appellant : No. 912 EDA 2023

Appeal from the Judgment of Sentence Entered March 10, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000136-2022

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 31, 2024**

Appellant, Christopher Michael Leonardi, appeals from the judgment of

sentence entered on March 10, 2023, following his guilty plea to driving under

the influence (DUI) of alcohol, second offense, highest rate of alcohol.[1]  We

affirm.

The trial court briefly set forth the facts of this case as follows:

At about 8:25 p.m. on November 21, 2021, Pennsylvania State
Police Trooper Alexander Carling ("Trooper Carling") was
operating a marked patrol vehicle on State Route 590 in
Lackawaxen Township, Pike County, when he observed a 2006
Chevy Silverado without an illuminated registration light.  After
initiating a traffic stop, Trooper Carling observed the driver,
[Appellant,] with bloodshot eyes and a prominent odor of alcohol
emanating from his person.  Trooper Carling subjected []
Appellant to a series of [f]ield [s]obriety [t]ests, all of which
indicated impairment.  Trooper Carling then placed [] Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  75 Pa.C.S.A. § 3802(c).

under arrest and transported him to the State Police Barracks at Blooming Grove, where [] Appellant provided a breath sample indicating a Blood Alcohol Content ("BAC") of 0.165%.

Trial Court Opinion, 6/27/2023, at 1-2.

On April 18, 2022, the Commonwealth charged Appellant by criminal information with the aforementioned DUI charge, as well as one count each of DUI, second offense, general impairment, 75 Pa.C.S.A. § 3802(a)(1), and the summary traffic violation of general lighting requirements, 75 Pa.C.S.A. § 4306(b). On June 23, 2022, Appellant appeared for a guilty plea hearing wherein he tendered an open guilty plea to DUI second offense, highest rate of alcohol. In conjunction with the hearing, Appellant signed a written plea colloquy acknowledging that he faced a minimum sentence of 72 hours to 90 days of imprisonment and a maximum sentence of six months to five years of imprisonment.[2]

On September 30, 2022, Appellant appeared for sentencing. The Commonwealth introduced into evidence, *inter alia*, a copy of an agreement between Appellant and the Commonwealth regarding an Accelerated Rehabilitative Disposition (ARD) of prior 2020 DUI charges. **See** N.T., 9/30/2022, at Exhibit 3. The Commonwealth asked the trial court to sentence Appellant as a second-time DUI offender despite this Court's decision in

---

[2] The minimum sentence for first-time DUI highest rate offenders is 72 hours of incarceration, while 90 days of incarceration is the minimum for second offenses. **See** 75 Pa.C.S.A. § 3804(c)(1)(i) and (c)(2)(i).

***Commonwealth v. Chichkin***, 232 A.3d 959 (Pa. Super 2020),[3] which was

the prevailing law in the Commonwealth at the time Appellant offered his plea.

_____

[3] On May 20, 2020, a prior three-judge panel of this Court held in ***Chichkin*** that it was unconstitutional to consider acceptance into ARD as a prior conviction for DUI sentencing purposes because the United States Supreme Court determined in ***Alleyne v. United States***, 570 U.S. 99 (2013) that any fact that enhances a sentence must be found by a fact-finder beyond a reasonable doubt. ***See Chichkin***, 232 A.3d at 968 ("Because Appellants' prior acceptances of ARD do not constitute convictions 'cloaked in all the constitutional safeguards,' we conclude they are a "fact" that, pursuant to ***Alleyne*** [] and [] progeny, must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence under [75 Pa.C.S.A. §] 3804."). Pursuant to Section 3804, an individual who commits DUI, highest rate as "a second offense" shall "undergo [mandatory] imprisonment of not less than 90 days." ***See*** 75 Pa.C.S.A. § 3804(c)(2)(i). Pursuant to 75 Pa.C.S.A. § 3806, "the term 'prior offense' … shall mean any … acceptance of [ARD] … before the sentencing on the present violation for … an offense under [S]ection 3802 (relating to [DUI])." 75 Pa.C.S.A.§ 3806(a)(1).

On October 4, 2022, the day after the trial court sentenced Appellant, this Court filed two *en banc* decisions that overruled the decision in ***Chichkin***. ***See Commonwealth v. Richards***, 284 A.3d 214 (Pa. Super. 2022) (*en banc*), *appeal granted*, 518 MAL 2022, 2023 WL 2520895 (Pa. 2023) and ***Commonwealth v. Moroz***, 284 A.3d 227 (Pa. Super. 2022) (*en banc*). More specifically, we overruled ***Chichkin***, finding "Section 3806(a), which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." ***Richards***, 284 A.3d at 220; ***see also Moroz***, 284 A.3d at 233 (same). "Following ***Richards*** [] and ***Moroz***, this Court has held that a defendant who completed the ARD program for a DUI offense within the ten-year lookback period of Section 3806 should be treated as a second-time offender for purposes of DUI sentencing." ***Commonwealth v. Hind***, 304 A.3d 413, 417 (Pa. Super. 2023), *citing* ***Commonwealth v. Hummel***, 295 A.3d 719, 721 (Pa. Super. 2023) (vacating the defendant's judgment of sentence and remanding for resentencing) and ***Commonwealth v. Scheppard***, 2023 WL 4417518, at *2-3 (Pa. Super. filed July 10, 2023) (unpublished memorandum) (applying ***Hummel*** and vacating a defendant's judgment of sentence and remanding for trial court resentencing for a second-offense DUI after the
*(Footnote Continued Next Page)*

*See* N.T., 9/30/2022, at 6. The Commonwealth also recommended that, if the trial court sentenced Appellant as a first-time DUI offender, it impose a minimum sentence of 72 hours of incarceration. *Id.* at 7. By order entered on October 3, 2022, the trial court sentenced Appellant to 72 hours to six months of imprisonment, a fine of $1,000.00, and costs and fees.

On October 5, 2022, the Commonwealth filed a motion to modify Appellant's sentence, citing our October 4th decisions in *Richards* and *Moroz*. The Commonwealth's motion argued that Appellant should be resentenced to serve a mandatory 90-day minimum sentence for a second DUI offense. On November 3, 2022, the trial court held argument on the Commonwealth's motion to modify sentence. On January 12, 2023, the trial court entered an order which vacated its previous sentence and scheduled resentencing. On March 10, 2023, the trial court held a resentencing hearing wherein Appellant was present. On March 13, 2023, the trial court filed an order imposing a sentence of 90 days to five years of imprisonment, a fine of $1,500.00, costs and fees, and suspension of Appellant's driver's license for 18 months. The

---

defendant completed the ARD program for a DUI offense within the ten-year lookback). Finally, we note that since *Richards* and *Moroz*, our Supreme Court, in an evenly divided decision, announced the opinion of the Court in *Commonwealth v. Verbeck*, 290 A.3d 260 (Pa. 2023). The *Verbeck* decision, however, does not carry precedential weight and, thus, does not impact our decisions in *Richards* and *Moroz*, which are currently the prevailing law in Pennsylvania. Our Supreme Court, however, granted an appeal from this Court's decision in *Richards* on March 15, 2023, but has not yet decided that case. *See Richards*, 294 A.3d 300 (Pa. 2023). We remain bound by our existing precedent, as expressed in *Richards* and *Moroz*. *See Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa. Super. 2014) (stating that we are bound by existing precedent until such time it is overturned).

trial court also ordered that Appellant be given time-served credit for three days of incarceration from September 30, 2022, through October 3, 2022, and 101 days of credit for time-served on parole. This timely appeal resulted.[4]

On appeal, Appellant presents the following issues[5] for our review:

1. Whether the trial court issued an illegal sentence or otherwise erred in sentencing whereby the [c]ourt construed [Appellant's DUI] offense as a second offense for purpose of sentencing where the [c]ourt relied solely on reference to a DUI charge that had been expunged following the [Appellant's] successful completion of the county's [ARD] program as evidence of a first offense, despite [Appellant] never having been convicted of a prior [DUI] offense by proof beyond a reasonable doubt[?]

2. Whether the trial court issued an illegal sentence or otherwise erred in sentencing whereby the [c]ourt construed [Appellant's DUI] offense as a second offense for purpose of sentencing where at the time of the offense, negotiated plea, original sentence, and period of incarceration following imposition of sentence, the status of the law was that [Appellant's] prior

_____

[4] On April 5, 2023, Appellant filed a timely notice of appeal. On April 14, 2023, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on May 1, 2023. On June 27, 2023, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[5] In his Rule 1925(b) statement, Appellant also asserted that the trial court violated his due process and double jeopardy rights by resentencing him to additional incarceration. The trial court addressed those claims in its Rule 1925(a) opinion. However, Appellant does not currently present those issues and fails to develop them on appeal. Thus, we conclude that Appellant abandoned his due process and double jeopardy issues and find them waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (citation omitted) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *see also Commonwealth v. Heggins*, 809 A.2d 908, 912 (Pa. Super. 2002) (an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived).

[DUI] charge, which was expunged following completion of the county's [ARD] program, could not be considered a first offense absent proof beyond a reasonable doubt[?]

Appellant's Brief at 9-10.

Appellant's two issues are interrelated and we will examine them together. First, Appellant argues:

> In the instant matter, the [trial c]ourt found that [Appellant] had committed a second [DUI] offense and re-sentenced [Appellant] to the mandatory minimum for second offenses based solely on the Commonwealth's representation that [Appellant] had completed an ARD for a [prior] DUI related offense. [Appellant] argues that completion of an ARD program and [a] conviction are not the same thing and do not carry with them equal due process protections. As such, consideration of the ARD as a conviction violates [Appellant's] rights under the Pennsylvania and United States constitutions and is in direct contravention of *Alleyne*[.]

*Id.* at 17. Because "the Commonwealth failed to establish that [he] had a prior [DUI] conviction beyond a reasonable doubt … [Appellant argues h]is sentence is therefore illegal and he should have been sentenced to the mandatory minimum for a first [DUI] offense[.]" *Id.* at 19. Appellant maintains that the trial court "accepted [his] plea while the status of the law was that a prior ARD was not a first offense for sentencing purposes" and because "*Chichkin* was the law at the time, [Appellant] entered a plea to [a] first offense [DUI] charge."[6] *Id.*

---

6 Although we acknowledge that Appellant alludes to confusion during his guilty plea colloquy, he has not properly preserved and developed a claim asserting that his plea was invalid; instead, Appellant focuses his appellate claims on the alleged illegal nature of his sentence. *See* Appellant's Brief at *(Footnote Continued Next Page)*

We adhere to the following standard of review:

> Issues relating to the legality of a sentence are questions of law. When the legality of a sentence is at issue, our standard of review over such questions is *de novo* and our scope of review is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

---

21 ("The guilty plea contains no factual allocution by [Appellant] acknowledging that his prior ARD constituted a first offense and he was now pleading to a second offense. The guilty plea refers to a DUI sentencing chart and contains express hand[-]written language setting forth the applicable minimum mandatory sentences for a first offense. There is no indication that [Appellant] would be sentenced pursuant to the mandatory minimum sentences for second offenses and that was not a term of the plea agreement."); *id.* at 15 ("[B]ecause the [c]ourt accepted a negotiated guilty plea at the time where law required that the ARD could not be considered as a first offense, the [c]ourt accepted a plea to a first offense DUI."). Because Appellant failed to preserve a challenge to the validity of his guilty plea, however, he has waived appellate review of such a claim. Upon review of the record, at no time did Appellant attempt to withdraw his guilty plea or otherwise challenge it in a motion filed either before or after the court imposed its sentence. Thereafter, Appellant failed to challenge his guilty plea in his Rule 1925(b) statement. *See Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) ("It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review."); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Finally, in his appellate brief, Appellant does not sufficiently develop, and fails to cite legal authority to support, a claim challenging his guilty plea. *See Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation omitted; brackets in original) ("The Rules of Appellate Procedure [at Pa.R.A.P. 2119] state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. [M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.").

*Hind*, 304 A.3d at 417 (citation omitted).

Here, there is no dispute that Appellant was sentenced as a first-time DUI offender based on this Court's decision in ***Chichkin***. However, as previously discussed, the day after sentencing in this matter, an *en banc* panel of this Court overruled ***Chichkin*** and held that prior acceptance of ARD equates to a prior conviction for purposes of imposing a mandatory minimum sentence. ***See Hind***, 304 A.3d at 417 (***Richards*** and ***Moroz*** hold that Section 3806(a) passes constitutional muster and equates prior acceptance of ARD to a prior DUI conviction for purposes of imposing a mandatory minimum sentence pursuant to Section 3804)."). Moreover, as mentioned, we have determined:

> Following ***Richards*** and ***Moroz***, this Court has held that a defendant who completed the ARD program for a DUI offense within the ten-year lookback period of Section 3806 should be treated as a second-time offender for purposes of DUI sentencing. ***See Commonwealth v. Hummel***, 295 A.3d 719, 721 (Pa. Super. 2023) (vacating the defendant's judgment of sentence and remanding for resentencing); ***see also Commonwealth v. Scheppard***, 2023 WL 4417518, at *2-3 (Pa. Super. filed July 10, 2023) (unpublished memorandum) (applying ***Hummel*** and vacating a defendant's judgment of sentence and remanding for resentencing for a second-offense DUI after the defendant completed the ARD program for a DUI offense within the ten-year lookback).

> Our Supreme Court has mandated that all Pennsylvania courts, appellate and trial courts alike, are duty bound to apply the law in effect at the time of a decision. ***See Behers v. Unemployment Compensation Bd. of Review***, 842 A.2d 359, 367 (Pa. 2004) (explaining that it is the duty of the "courts below ... to effectuate the decisional law of [our Supreme] Court"); ***see also Smith v. A.O. Smith Corp.***, 270 A.3d 1185, 1194 (Pa. Super. 2022) (noting that trial courts are bound by existing precedent), *appeal*

*denied*, 283 A.3d 1247 (Pa. 2022); ***Commonwealth v. Seskey***, 170 A.3d 1105, 1109 (Pa. Super. 2017) (holding that this Court is bound to follow our Supreme Court's decisional law). Further, litigants are entitled to the benefit of changes in the law that occur before the judgment is final. ***Commonwealth v. Chesney***, 196 A.3d 253, 257 (Pa. Super. 2018); *see also **Hummel***, 295 A.3d at 721 (applying ***Chesney*** to conclude that the Commonwealth benefited from a change in the law that occurred while the Commonwealth's appeal was pending).

*Id.* at 417–418. The Commonwealth "may challenge a sentence by filing a motion to modify sentence … no later than 10 days after imposition of sentence." Pa.R.Crim.P. 721(A) and (B).

Here, the trial court imposed Appellant's original sentence on October 3, 2022 while ***Chichkin*** was prevailing law. The next day, on October 4, 2022, this Court decided ***Richards*** and ***Moroz*** which expressly overruled ***Chichkin***. As a result, the Commonwealth filed a timely motion to modify Appellant's sentence on October 5, 2022, well within 10 days as required under Rule 721. Hence, the Commonwealth was entitled to the change in the law that occurred before Appellant's judgment became final. The trial court properly held a resentencing hearing, where Appellant was present, before imposing a new sentence aligned with ***Richards*** and ***Moroz***. ***See*** Pa.R.Crim.P. 602 ("The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence[.]"). Finally, we note that this Court, in other cases, has vacated judgment of sentence and remanded for resentencing following appeal, where trial courts failed to classify defendants' prior acceptance of ARD as prior offenses under Section 3804, even when properly following ***Chichkin*** at the time of

sentencing. *See Hummel*, *Scheppard*, and *Chesney*, *supra*; *see also Commonwealth v. Roebuck*, 296 A.3d 638 (Pa. Super. 2023) (unpublished memorandum). Based upon all the foregoing, we conclude the trial court did not impose an illegal sentence and Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/31/2024