J-A04034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICHARD C. GRATE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| VENITA D. MANN | : | |
| | : | |
| Appellant | : | No. 1597 EDA 2023 |

Appeal from the Order Entered June 9, 2023
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 13-02259,
PACSES: 4803301137

BEFORE:  STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:　　　　　　　**FILED AUGUST 30, 2024**

Venita D. Mann ("Mother") appeals, *pro se*, from the order directing her to pay child support to Richard C. Grate ("Father").[1]  We affirm.

Father and Mother are parents to D.X.M., born in 2008 ("Child").  Father has primary physical custody of Child.  On October 19, 2021, Father filed a complaint for child support against Mother.  Two proposed orders were issued by hearing officers in 2021 and 2022, but exceptions were filed to the proposed orders and the matter was remanded on each occasion by the trial court.  *See* Order, 3/25/22; Order, 10/21/22.  After the second remand, the matter proceeded to a hearing before a hearing officer on February 1, 2023. On February 23, 2023, the hearing officer issued a proposed support order as

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Father did not file a brief in this appeal.

well as an accompanying report explaining the basis for her recommendation. The proposed order directed Mother to pay $397 per month and $33 monthly in arrears, for a total monthly support obligation of $430, effective January 1, 2023. Proposed Order of Support, 2/23/23. The proposed order reflected lesser obligations imposed for periods prior to January 1, 2023, based upon Mother's income during those periods. *See id.* (providing that Mother was required to pay $106 monthly, including arrears, effective October 19, 2021, through December 31, 2021, and $310 monthly, including arrears, effective January 1, 2022, through December 31, 2022); Report of Support Hearing Officer, 2/23/23, at 15-21.

Mother filed exceptions on March 15, 2023. On June 9, 2023, a hearing was held before the trial court on the exceptions. On that same date, the trial court entered an order denying Mother's exceptions and made the February 23, 2023 proposed order a final order. Mother then filed this timely appeal.

Mother raises the following issues on appeal:

I. Whether the trial court violated [Mother's] constitutional right to due process of law?

II. Whether the trial court showed personal bias and committed an error of law when the [c]ourt would not allow [Mother] to discuss the issue fully on her side of events and only sided with the [] hearing [o]fficer?

III. Whether the trial court erred in admitting document[ation] of [F]ather['s] income[] that was not authenticated[?] Whether the [trial court] allowed the [hearing officer] to alter the evidence of [M]other['s job] payment history?

IV. Whether the trial court erred when allowing the hearing officer['s] incorrect calculation of [Mother's] net and gross income for years 2021, 2022 and 2023?

Mother's Brief at ix (suggested answers and unnecessary capitalization omitted).

Our review of support orders is limited to determining whether the trial court abused its discretion and whether there is competent evidence to support the order. *M.E.W. v. W.L.W.*, 240 A.3d 626, 634 (Pa. Super. 2020). "An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused." *Id.* (citation omitted).

Additionally, we note that the trial court heard this matter on Mother's exceptions to the hearing officer's report and recommendation, pursuant to the procedure outlined in Pa.R.Civ.P. 1910.12. When considering exceptions to a hearing officer's report and recommendation, a trial court is limited to considering the record developed before the hearing officer. *Cunningham v. Cunningham*, 548 A.2d 611, 613-14 (Pa. Super. 1988). While only advisory, the report and recommendation "is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the [hearing officer] has the opportunity to observe and assess the behavior and demeanor of the parties." *Childress v. Bogosian*, 12 A.3d 448, 455-56 (Pa. Super. 2011).

"The principal goal in child support matters is to serve the best interests of the children through the provision of reasonable expenses." **S.M.C. v. C.A.W.**, 221 A.3d 1214, 1217 (Pa. Super. 2019). A parent's duty to financially support his or her child is absolute even if doing so requires hardship or sacrifice. **Yerkes v. Yerkes**, 824 A.2d 1169, 1171 (Pa. 2003); **E.R.L. v. C.K.L.**, 126 A.3d 1004, 1006 (Pa. Super. 2015). To that end, "child support awards are calculated in accordance with specific statutory guidelines, using a complex system that accounts for the obligor's capacity to pay and the reasonable needs of the particular children." **Sichelstiel v. Sichelstiel**, 272 A.3d 530, 534 (Pa. Super. 2022); **see also** 23 Pa.C.S. § 4322(a); Pa.R.Civ.P. 1910.16-1 to 1910.16-7. "In each child support matter, the support contribution indicated by the guidelines is entitled to a strong presumption of correctness." **Yerkes**, 824 A.2d at 1171; **see also** 23 Pa.C.S. § 4322(b).

We initially note that the arguments that Mother presents in her brief are confusing and difficult to follow. While Mother is representing herself in this appeal and we are willing to construe a *pro se* litigant's filings liberally, *pro se* status ultimately confers no special benefit on an appellant and will not excuse failure to comply with our appellate rules. **Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760-61 (Pa. Super. 2021). To the extent we are unable to interpret and comprehend Mother's arguments, we find them waived. **See Commonwealth v. Spotz**, 18 A.3d 244, 281 n.21 (Pa. 2011) (argument that is not "developed, reasoned, supported, or even intelligible" is waived). Mother also discusses various issues irrelevant to this

appeal, which we also do not address in this decision. ***See, e.g.***, Mother's Brief at xix (alleging that various judges on the "6[th] floor" of Philadelphia Family Court "have abused" her and others, including in her custody matters).

In her first and second issues, Mother argues that the trial court violated her due process rights by not permitting her "to address issues according to the brief" she prepared, including the calculation of her income, Father's Department of Veterans Affairs benefits, and Child's Social Security Derivative Benefit. ***See id.*** at xiii, xvii-xviii. Mother further asserts that the hearing officer "did not allow [her] due process [during the February 1, 2023 hearing] to control what was put in the record." ***See id.*** at xvi. Mother also contends that the trial court and hearing officer acted inappropriately and exhibited bias towards her at the hearings. ***See id.*** (asserting that the hearing officer "tortured" Mother, "was rude, [and] cut [Mother's] testimony off"); ***id.*** at xvii (alleging that the trial court jurist "threatened [Mother] with the sheriff" and threatened to eject her from the courtroom).

Procedural due process requires adequate notice, an opportunity to be heard, "and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." ***S.T. v. R.W.***, 192 A.3d 1155, 1161 (Pa. Super. 2018). Whether due process has been violated in any given situation "is a question of law for which the standard of review is *de novo* and the scope of review is plenary." ***Id.*** at 1160.

Our review of the record reveals no violation of Mother's due process rights nor any indication of bias against Mother by the hearing officer or trial

court. The record reflects that the hearing officer allowed Mother to create a record regarding her income and other relevant factors in determining child support and fully considered Mother's evidence in the proposed support order and accompanying report.[2] Similarly, the trial court afforded Mother substantial time to argue why she believed that the hearing officer erred in determining her support obligation, and the trial court meticulously explained to Mother why the child support was correctly calculated under the support guidelines. The trial court also accepted Mother's brief supporting her exceptions at the hearing, N.T., 6/9/23, at 5, and this document appears in the certified record. To the extent there was any discord at the hearing, it was entirely the result of Mother's own obstreperous conduct, including frequent interruptions of the trial court. Mother is therefore not entitled to relief on her first and second issues.

In her third issue, Mother argues that the hearing officer erred by admitting an unauthenticated Department of Veterans Affairs letter indicating that Father received a total monthly benefit of $3,772.22. **See** Report of

_____

[2] While Mother included a copy of a transcript of the February 1, 2023 hearing in her reproduced record, it is not properly before this Court because it does not appear in the certified trial court record. **See In re J.C.**, 5 A.3d 284, 288 (Pa. Super. 2010) (item not included in the certified record cannot be considered on appeal); **see also** Pa.R.A.P. 1921, Note ("Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials."). Nevertheless, our review of this transcript shows that the hearing officer provided Mother with ample opportunity to testify, submit documents on her behalf, cross-examine Father, and present argument concerning the support calculation.

Support Hearing Officer, 2/23/23, Ex. F-2. "The admissibility of evidence is a matter addressed to the sound discretion of the trial court and should not be overturned absent an abuse of discretion." **Smith v. A.O. Smith Corp.**, 270 A.3d 1185, 1196 (Pa. Super. 2022) (citation omitted). Authentication of evidence entails a relatively low burden of proof and requires only that the proponent "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a); **Commonwealth v. Jackson**, 283 A.3d 814, 818 (Pa. Super. 2022). Here, we do not find an abuse of discretion by the trial court in relying on the Department of Veterans Affairs letter, where Father indicated that the letter was a statement of his account, the letter was addressed to Father at his home address and bears the Department's seal, and Mother was unable to articulate any basis to call into question the authenticity of the document at the trial court hearing on Mother's exceptions. **See** Report of Support Hearing Officer, 2/23/23, at 5, Ex. F-2; N.T., 6/9/23, at 32-33, 39-44. Therefore, we find no merit to Mother's third issue.

In her final issue, Mother argues that the support order includes an incorrect calculation of Mother's income for 2021, 2022, and 2023. As indicated above, the trial court calculated Mother's child support for three different periods based upon the documents Mother provided: from the date Father's complaint was filed, October 19, 2021, to December 31, 2021; from January 1, 2022, to December 31, 2022; and from January 1, 2023, through the date of the proposed order. **See** Report of Support Hearing Officer,

2/23/23, at 15-21. Mother argues that her monthly net income for 2021 was not $1,256.85 as stated in the report, but was instead $299.68 for October, $743.45 for November, and $916.82 for December of that year. ***See id.*** at 16; Mother's Brief at xxi. Mother further contends that the trial court incorrectly calculated her monthly gross income for 2023 as $3,209.83 and her monthly net income for that period as $2,593.08, when they should have been calculated as $2,954.93 and $2,163.85, respectively. ***See*** Report of Support Hearing Officer, 2/23/23, at 20; Mother's Brief at xxi.

Aside from pointing out which figures were purportedly incorrect and asserting the amounts that should have been used instead, Mother does not demonstrate in any manner why the trial court's figures are wrong and hers are correct. In any event, the trial court thoroughly rejected Mother's argument that her income was calculated improperly in its Pa.R.A.P. 1925(a) opinion. The lower court's analysis is supported by the record and consistent with governing law, and we adopt the court's analysis as our own:

> [Mother's] assertion that the court did not use her correct income for 2021, 2022 and 2023 is incorrect. In her report, [the hearing officer] explained in detail how she established [Mother's] net income for all three years. [The hearing officer] used [Mother's] testimony at the February 1, 2023 support hearing that she worked part-time as a Home Health Aide for 365 Health Services in 2021, making $13.50/hour and working 30 hours per week[.] (Report page 8, Report exhibit C-5). [The hearing officer] used this wage and the number of weeks to calculate [Mother's] monthly gross income totaling $1,470.17. [The hearing officer] correctly determined [Mother's] net income from her gross income by subtracting applicable deductions as required by [Rule] 1910.16-2(c). (Report page 11-12). [The hearing officer] found [Mother's] net monthly income for 2021 to be $1,256.85. [The

hearing officer] used [Mother's] testimony that she worked at Amazon as a sorter since January 31, 2022, her Amazon paystubs, her new hire bonus of $3[,]000, her short-term disability paystub, and her New Jersey Labor Department benefit pay of $4,800 to calculate that [Mother] made $2,069.70 total monthly gross income in 2022. (Report page 8-9). [The hearing officer] then used the applicable deductions of $247.57 from [Mother's] gross monthly income to arrive at $1,822.13 as [Mother's net monthly net 2022 income. [The hearing officer] used the four 2023 Amazon paystubs submitted by [Mother] and her testimony to calculate [Mother's] weekly gross income at $738.70 and her monthly gross income at $3,209.83 for 2023 as of the date of the hearing[.] (Report page 9). [Mother's] monthly deductions totaled $616.75, resulting in a monthly net income of $2,593.08. [The hearing officer] correctly complied with [Rule] 1910.16-2(c) in determining [Mother's] gross and net incomes for each of the applicable years. This is supported by the record, [Mother's] testimony and the many documents submitted to [the hearing officer] by [Mother].

* * *

[The hearing officer] used [Mother's] testimony and her exhibits to calculate [Mother's] monthly gross income in accordance with [Rule] 1910.16-2(a). All testimony and exhibits submitted in [the hearing officer's] report support the mathematical calculations arrived at in her proposed order. [Mother] never pointed to any specific part within the calculations where [the hearing officer] allegedly erred. Additionally, [the trial court] went through [the hearing officer's] arithmetic with [Mother] on the record in the hearing on June 9, 2023, and found the calculations to be accurate. [**See, e.g.**, N.T., 6/9/23, at 51-55.]

* * *

[Furthermore, Mother's] net income was properly calculated by subtracting the deductions that applied to [Mother] from her total gross monthly income. [The hearing officer] followed [Rule] 1910.16-2(c) and deducted only expenses related to: [f]ederal, state and local income taxes, F.I.C.A. payments and non-voluntary retirement payments, [u]nion dues, alimony paid to the other party, and [support or alimony] being paid to former spouses[.] (Report page 12). Using these categories, [the hearing officer] found [Mother's] deductions to be $213.32, $247.57, and $616.75 for 2021, 2022[] and 2023 respectfully. [The hearing

officer] then accurately subtracted these amounts from [Mother's] total gross incomes for 2021, 2022 and 2023 respectfully to reach [Mother's] monthly net incomes for each year[:] $1,256.85 in 2021, $1,822.13 in 2022, and $2,593.08 in 2023 ([t]hrough February 1, 2023). [The hearing officer's] calculations are presumed to be the accurate amount under [Rule] 1910.16-1(d). Furthermore, [Mother] cannot point to any specific errors in [the hearing officer's] calculations nor did she present any evidence to support her assertion.

Trial Court Opinion, 8/15/23, at 6-7, 8-9, 11.

As we have concluded that none of Mother's appellate issues merit relief, we affirm the trial court's June 9, 2023 order denying Mother's exceptions and establishing the hearing officer's February 23, 2023 proposed order as a final child support order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/30/2024