J-A08037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PINGORA LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON R. WINTERS, AND JAIME L. | : | |
| WINTERS | : | |
| | : | No. 1433 EDA 2024 |
| | : | |
| APPEAL OF: JASON R. WINTERS | : | |

Appeal from the Order Entered April 1, 2024
In the Court of Common Pleas of Chester County
Civil Division at No(s):  2023-01184-RC

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JUNE 25, 2025**

Jason R. Winters ("Winters") appeals from the order granting summary judgment in favor of Pingora Loan Servicing, LLC ("Pingora") in this mortgage foreclosure action.[1]  We affirm.

Pingora filed the instant complaint in February 2023.[2]  Pingora asserted that, in 2017, Winters and Jamie L. Winters ("Jaime") (collectively, the "Winterses") executed a mortgage with Prospect Mortgage, LCC ("Prospect") that Prospect assigned to Pingora in 2022.  Pingora's complaint alleged the

---

[1] As noted below, a default judgment was entered against the other defendant in this case, Jaime L. Winters, who has not participated in this appeal. Therefore, it appears the order granting summary judgment disposed of all claims against all parties and is appealable as a final order.  **See** Pa.R.A.P. 341(b).

[2] Pingora reinstated the complaint in April 2023.

Winterses defaulted on the mortgage in November 2019 and the then-current amount due was $543,484.22. **See** Complaint, 2/17/23, at 2-3 (unnumbered).

Counsel for the Winterses filed an "answer and defenses" that generally denied Pingora's averment concerning the amount due and asserted that "[the Winterses] were approved for a loan modification which [wa]s not reflected in the [a]verment of [d]efault[.]" Answer & Affirmative Defenses, 5/1/23, at ¶ 6. The Winterses similarly asserted "a legally binding loan modification with [a] prior [a]ssignee, Bank of America, and that said loan modification has not been recognized or honored by" Pingora. **Id**. at ¶ 17.[3]

Pingora moved for summary judgment in February 2024, asserting it had established its right to foreclose because: (1) it had been assigned and held the note endorsed in blank; (2) Winters had been in default since November 2019; and (3) it confirmed the amount due by an attached affidavit. **See** Pingora's Motion for Summary Judgment, 2/8/24, at ¶¶ 1-8. Pingora noted Winters's general denials of the default and amount due and argued

---

[3] Jaime subsequently filed a separate *pro se* answer asserting that she and Winters separated in 2020, she moved out of the property, Winters refused her access to the property, and he remained uncooperative during divorce and equitable distribution proceedings. **See** Jaime's Answers and Defense, 6/26/23, at 1-2 (unnumbered). Jaime also asserted Winters refused a court order directing him to provide a waiver for her to communicate with mortgage companies. **See id**. at 2. In August 2023, Pingora praeciped for, and obtained, a default judgment against Jaime for failing to file a response within twenty days of the complaint. **See** Praecipe for In Rem Judgement, 8/8/23. Notwithstanding the fact Jaimie had replied, the prothonotary entered judgment against Jaime and Jaime did not seek to strike or open the default judgment. **See** Notice, 8/8/23.

Winters failed to plead with specificity, or tender any evidence or proofs, about the alleged loan modification. *See id*. at ¶ 12. Pingora further alleged it (or its debt collector) had offered the Winterses opportunities to participate in "flex modification trial plans," but the Winterses failed to accept or comply with the terms of the modification, which resulted in their denial letter in January 2023. *See id*. at ¶13 (capitalization added). Pingora attached to its summary judgment motion: (1) a copy of the initial mortgage, including an exhibit to the mortgage, which appears to be a legal description of the properties that mirrored the description set forth in the complaint, (2) a copy of the assignment under which Pingora obtained the mortgage, (3) an affidavit from Pingora's "attorney-in-fact,"[4] and (4) letters from a debt collection agency, dated 2020 and 2022, offering the "flex modification trial plan" and indicating that the Winterses failed to comply with the terms of the plan. *See id*., Exhibits A, A-2, B, D, H-K.

Winters filed a response generally denying the averments in the summary judgment motion and asserting again the alleged prior loan modification. *See* Winters's Response to Summary Judgment Motion, 2/20/24, at ¶ 13. Winters claimed because Pingora had not yet taken discovery, the trial court's determination was limited to the pleadings. *See* Brief in Support of Denying Summary Judgment Motion, 2/20/24, at 2.

_____

[4] The affidavit was signed by a representative of Nationstar Mortgage LLC, and the offers of the "flex modifications trial plans" were under the letterhead of Mr. Cooper, which described itself a debt collector and as a brand name of Nationstar Mortgage LLC. *See id*. at B, D, H-K.

Winters further asserted his allegation of a loan modification, if taken as true, would render Pingora's foreclosure action "moot." **See id**. Winters concluded by asserting the alleged loan modification created a genuine issue of material fact precluding the entry of summary judgment. **See id**.[5]

On April 1, 2024, the trial court granted summary judgment in favor of Pingora and entered an *in rem* judgment for $592,284.71 plus interest and costs against Winters. **See** Order & Memorandum, 4/1/24, unnumbered at 1. The trial court determined Winters did not provide any specifics of the alleged loan modification with Bank of America. **See id**. at 2. The trial court also noted Winters failed to accept or comply with the terms of Pingora's flex modification trial plan offers. **See id**.

Winters filed a *pro se* motion for reconsideration,[6] in which he asserted, for the first time in this litigation, he had filed a separate breach of contract complaint against Pingora **before** Pingora had filed its complaint in mortgage foreclosure. **See** Motion for Reconsideration, 4/12/24, at 1.[7] Winters claimed discovery in his breach of contract action would reveal "[n]ew evidence" that "could alter" the trial court's order granting summary judgment in favor of Pingora in the mortgage foreclosure action. **Id**. The trial court denied

---

[5] Winters did not attach any documents to his response.

[6] Because Winters was represented by counsel, his *pro se* motion was a legal nullity. **See S.C.B. v. J.S.B.**, 218 A.3d 905, 911 n.4 (Pa. Super. 2019).

[7] Winters's motion for reconsideration cited the docket number of his breach of contract action, but he did not attach any of the pleadings from that action.

Winters's motion for reconsideration. **See** Order & Memorandum, 4/23/24, at 1 (unnumbered). The trial court explained neither the filing of the separate breach of contract action nor the possibility of discovering new evidence met the standard for granting reconsideration. **See id**. at 2. The court added Winters had not diligently prosecuted his breach of contract action against Pingora. **See id**.

On May 1, 2024, Winters, now represented by counsel, timely appealed the April 1, 2024, order granting summary judgment.[8] The trial court did not order a concise statement of errors complained of on appeal. The court filed an opinion referring to its orders and memorandums granting summary judgment and denying reconsideration. **See** Trial Court Opinion, 6/25/24.

Winters raises the following issue for our review:

> Did the trial court err when it granted [Pingora's] motion for summary judgment?

Winters's Brief at 2 (some capitalization omitted).

In reviewing a grant of summary judgment, this Court applies a *de novo* standard of review, and our scope of review is plenary. **See Bourgeois v. Snow Time, Inc.**, 242 A.3d 637, 649 (Pa. 2020); **Smith v. A.O. Smith**

_____

[8] Eight days after filing his notice of appeal, Winters filed a motion to reassess damages and supporting memorandum of law. **See** Motion to Reassess Damages, 5/9/24. The court dismissed the motion with prejudice pursuant to Pa.R.A.P. 1701(a), which prevents a trial court from proceeding further in a case after an appeal has been taken.

*Corporation*, 270 A.3d 1185, 1192 (Pa. Super. 2022). A trial court should only grant summary judgment:

> in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the non-moving party. The trial court is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and may grant summary judgment only where the right to such a judgment is clear and free from doubt.

*Id*., 242 A.3d at 649-50 (internal citations omitted); *Dobransky v. EQT Production Company*, 273 A.3d 1133, 1139 (Pa. Super. 2022) (*en banc*).

A party responding to a summary judgment motion cannot rest upon his own pleading but must identify one or more issues of fact arising from evidence in the record "contravening the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion[.]" Pa.R.Civ.P. 1035.3 (a)(1). *See Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014) (stating non-moving party must set forth specific facts demonstrating a genuine issue of material fact); *accord Salsberg v. Mann*, 310 A.3d 104, 132 (Pa. 2024) (affirming grant of summary judgment motion where non-movant failed to establish a genuine issue of material fact); *Bailer v. The Shipley Energy Company*, --- A.3d ---, 803 MDA 2024 at 7 (Pa. Super., filed May 21, 2025) (stating non-party may not merely rely on its pleadings or answers in order to survive summary judgment).

Additionally, asserting a general denial in an answer may be considered an admission to the fact pleaded in the complaint to which it responds where specific denials are required. **See Gibson**, 102 A.3d at 467, citing Pa.R.Civ.P. 1029(b); **but see U.S. Bank, N.A. v. Pautenis**, 118 A.3d 386, 397 (Pa. Super. 2015) (concluding a general denial based on lack of knowledge would not be considered an admission where there was evidence supporting the claimed lack of knowledge).

The holder of a mortgage is entitled to summary judgment in a mortgage foreclosure action where there are no genuine issues of fact that (1) the mortgage is in default, (2) the mortgagor failed to pay on the obligation, and (3) the recorded mortgage is in the specified amount. **See Gibson**, 102 A.3d at 465.

Winters asserts he specifically denied the allegations in Pingora's complaint and affirmatively asserted the existence of a loan modification sufficient to create issues of fact precluding summary judgment. **See** Winters's Brief at 4-5. He claims his answer and defenses provided sufficient notice for Pingora to respond to his claim of a loan modification and raise the allegations it offered him flex modification trial plans. **See id**. at 5. He further argues: 1) he did not simply rest on his pleadings, 2) there could have been other loan modifications, and 3) the court violated the **Nanty-Glo** rule[9] by

_____

[9] **See Borough of Nanty-Glo v. American Surety Co. of New York**, 163 A. 523, 524 (Pa. 1932) (holding that a party moving for summary judgment
*(Footnote Continued Next Page)*

- 7 -

accepting Pingora's evidence to resolve factual disputes on motion for summary judgment. *See id*. at 5-7.

Winters also asserts, for the first time in this appeal, he only obtained financing to purchase a 10.3-acre parcel and separately purchased a vacant lot. He suggests Pingora is attempting to foreclose on two lots, but Pingora was only assigned the note on one of the two lots. *See id*. at 7.[10] Finally, Winters refers to his own breach of contract action against Pingora (as well as documents and pleadings at issue in that case which are not of record in the instant case) to conclude Pingora's alleged breach should have prevented it from proceeding with a mortgage foreclosure action. *See id*. at 8.

The trial court found Winters failed to provide specific details about the alleged Bank of America loan modification and his allegation that discovery in his breach of contract case could alter the court's grant of summary judgment did not support the grant of reconsideration, particularly considering Winters's lack of vigilance in moving that case forward. *See* Order and Memorandum,

_____

may not rely solely upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material fact).

[10] Winters's claim that Pingora is foreclosing on more property than it is entitled to appears to rely on alleged discrepancy among the mortgage document, which listed two lots, 30-2-28.1 and 30-2-28, subject to the mortgage, the complaint, which sought foreclosure on the two lots, and the assignment document which seems to show Pingora's assignment had been recorded.

4/1/24, at 2 (unnumbered); Order and Memorandum, 4/23/24, at 2 (unnumbered).

The trial court did not err by granting Pingora's summary judgment motion. Winters presents no evidence to show the mortgage is not in default, he paid on the obligation, or the recorded mortgage is not in the specified amount. **See Gibson**, 102 A.3d at 465. Further, Winters's averment of a loan modification fails because he offers no evidence to support that assertion; he simply relies on his pleadings and answers. He has accordingly failed to demonstrate the existence of a genuine issue of material fact that could defeat the grant of summary judgment. **See Salsberg**, 310 A.3d at 132; **Gibson**, 102 A.3d at 464.[11]

Winters' argument that Pingora foreclosed on more property than was subject to the mortgage is waived because he raises this issue for the first time on appeal. **See** Pa.R.A.P. 302(a). To the extent Winters claims Pingora breached the mortgage agreement first, he did not make that assertion in the mortgage foreclosure action but raised it for the first time in a *pro se* motion for reconsideration, which was a legal nullity. **See S.C.B. v. J.S.B.**, 218 A.3d at 911 n.4. Additionally, this claim is also waived. **See Erie Ins. Exchange v. Larrimore**, 987 A.2d 732, 743 (Pa. Super. 2009).[12]

_____

[11] Although Winters tangentially referred to discovery in his response to the summary judgment motion, he does not argue that the trial court erred in granting summary judgment without an opportunity for discovery.

*(Footnote Continued Next Page)*

Because Winters failed to demonstrate the existence of a genuine issue of material fact, he cannot demonstrate the trial court erred by granting Pingora's motion for summary judgment. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2025

---

[12] Winters filed a reply brief raising additional matters that he did not preserve in the trial court, namely, casting aspersions on Nationstar Mortgage LLC. **See** Winters's Reply Brief at 2. His reply brief also asserts that he did not waive his arguments based on his own breach of contract action against Pingora because he raised the issue in his motion for reconsideration of the summary judgment order. **See id**. at 3-4. He cites no authority for the proposition that waiver does not apply. **See id**. Winters also suggests his motion for reconsideration preserved his claim about the properties on which Pingora was entitled to foreclose. That suggestion finds no record support; to the extent he intends to refer to documents in the breach of contract action, they are not of record.

J-A08037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PINGORA LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON R. WINTERS, AND JAIME L. WINTERS | : | |
| | : | |
| | : | No. 1433 EDA 2024 |
| | : | |
| APPEAL OF: JASON R. WINTERS | : | |

Appeal from the Order Entered April 1, 2024
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2023-01184-RC

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JUNE 25, 2025**

Jason R. Winters ("Winters") appeals from the order granting summary judgment in favor of Pingora Loan Servicing, LLC ("Pingora") in this mortgage foreclosure action.[1] We affirm.

Pingora filed the instant complaint in February 2023.[2] Pingora asserted that, in 2017, Winters and Jamie L. Winters ("Jaime") (collectively, the "Winterses") executed a mortgage with Prospect Mortgage, LCC ("Prospect") that Prospect assigned to Pingora in 2022. Pingora's complaint alleged the

---

[1] As noted below, a default judgment was entered against the other defendant in this case, Jaime L. Winters, who has not participated in this appeal. Therefore, it appears the order granting summary judgment disposed of all claims against all parties and is appealable as a final order. **See** Pa.R.A.P. 341(b).

[2] Pingora reinstated the complaint in April 2023.

Winterses defaulted on the mortgage in November 2019 and the then-current amount due was $543,484.22. **See** Complaint, 2/17/23, at 2-3 (unnumbered).

Counsel for the Winterses filed an "answer and defenses" that generally denied Pingora's averment concerning the amount due and asserted that "[the Winterses] were approved for a loan modification which [wa]s not reflected in the [a]verment of [d]efault[.]" Answer & Affirmative Defenses, 5/1/23, at ¶ 6. The Winterses similarly asserted "a legally binding loan modification with [a] prior [a]ssignee, Bank of America, and that said loan modification has not been recognized or honored by" Pingora. **Id**. at ¶ 17.[3]

Pingora moved for summary judgment in February 2024, asserting it had established its right to foreclose because: (1) it had been assigned and held the note endorsed in blank; (2) Winters had been in default since November 2019; and (3) it confirmed the amount due by an attached affidavit. **See** Pingora's Motion for Summary Judgment, 2/8/24, at ¶¶ 1-8. Pingora noted Winters's general denials of the default and amount due and argued

_____

[3] Jaime subsequently filed a separate *pro se* answer asserting that she and Winters separated in 2020, she moved out of the property, Winters refused her access to the property, and he remained uncooperative during divorce and equitable distribution proceedings. **See** Jaime's Answers and Defense, 6/26/23, at 1-2 (unnumbered). Jaime also asserted Winters refused a court order directing him to provide a waiver for her to communicate with mortgage companies. **See id**. at 2. In August 2023, Pingora praeciped for, and obtained, a default judgment against Jaime for failing to file a response within twenty days of the complaint. **See** Praecipe for In Rem Judgement, 8/8/23. Notwithstanding the fact Jaimie had replied, the prothonotary entered judgment against Jaime and Jaime did not seek to strike or open the default judgment. **See** Notice, 8/8/23.

Winters failed to plead with specificity, or tender any evidence or proofs, about the alleged loan modification. **See id**. at ¶ 12. Pingora further alleged it (or its debt collector) had offered the Winterses opportunities to participate in "flex modification trial plans," but the Winterses failed to accept or comply with the terms of the modification, which resulted in their denial letter in January 2023. **See id**. at ¶13 (capitalization added). Pingora attached to its summary judgment motion: (1) a copy of the initial mortgage, including an exhibit to the mortgage, which appears to be a legal description of the properties that mirrored the description set forth in the complaint, (2) a copy of the assignment under which Pingora obtained the mortgage, (3) an affidavit from Pingora's "attorney-in-fact,"[4] and (4) letters from a debt collection agency, dated 2020 and 2022, offering the "flex modification trial plan" and indicating that the Winterses failed to comply with the terms of the plan. **See id**., Exhibits A, A-2, B, D, H-K.

Winters filed a response generally denying the averments in the summary judgment motion and asserting again the alleged prior loan modification. **See** Winters's Response to Summary Judgment Motion, 2/20/24, at ¶ 13. Winters claimed because Pingora had not yet taken discovery, the trial court's determination was limited to the pleadings. **See** Brief in Support of Denying Summary Judgment Motion, 2/20/24, at 2.

---

[4] The affidavit was signed by a representative of Nationstar Mortgage LLC, and the offers of the "flex modifications trial plans" were under the letterhead of Mr. Cooper, which described itself a debt collector and as a brand name of Nationstar Mortgage LLC. **See id**. at B, D, H-K.

- 3 -

Winters further asserted his allegation of a loan modification, if taken as true, would render Pingora's foreclosure action "moot." *See id*. Winters concluded by asserting the alleged loan modification created a genuine issue of material fact precluding the entry of summary judgment. *See id*.[5]

On April 1, 2024, the trial court granted summary judgment in favor of Pingora and entered an *in rem* judgment for $592,284.71 plus interest and costs against Winters. *See* Order & Memorandum, 4/1/24, unnumbered at 1. The trial court determined Winters did not provide any specifics of the alleged loan modification with Bank of America. *See id*. at 2. The trial court also noted Winters failed to accept or comply with the terms of Pingora's flex modification trial plan offers. *See id*.

Winters filed a *pro se* motion for reconsideration,[6] in which he asserted, for the first time in this litigation, he had filed a separate breach of contract complaint against Pingora **before** Pingora had filed its complaint in mortgage foreclosure. *See* Motion for Reconsideration, 4/12/24, at 1.[7] Winters claimed discovery in his breach of contract action would reveal "[n]ew evidence" that "could alter" the trial court's order granting summary judgment in favor of Pingora in the mortgage foreclosure action. *Id*. The trial court denied

---

[5] Winters did not attach any documents to his response.

[6] Because Winters was represented by counsel, his *pro se* motion was a legal nullity. **See S.C.B. v. J.S.B.**, 218 A.3d 905, 911 n.4 (Pa. Super. 2019).

[7] Winters's motion for reconsideration cited the docket number of his breach of contract action, but he did not attach any of the pleadings from that action.

Winters's motion for reconsideration. *See* Order & Memorandum, 4/23/24, at 1 (unnumbered). The trial court explained neither the filing of the separate breach of contract action nor the possibility of discovering new evidence met the standard for granting reconsideration. *See id*. at 2. The court added Winters had not diligently prosecuted his breach of contract action against Pingora. *See id*.

On May 1, 2024, Winters, now represented by counsel, timely appealed the April 1, 2024, order granting summary judgment.[8] The trial court did not order a concise statement of errors complained of on appeal. The court filed an opinion referring to its orders and memorandums granting summary judgment and denying reconsideration. *See* Trial Court Opinion, 6/25/24.

Winters raises the following issue for our review:

> Did the trial court err when it granted [Pingora's] motion for summary judgment?

Winters's Brief at 2 (some capitalization omitted).

In reviewing a grant of summary judgment, this Court applies a *de novo* standard of review, and our scope of review is plenary. *See Bourgeois v. Snow Time, Inc.*, 242 A.3d 637, 649 (Pa. 2020); *Smith v. A.O. Smith*

---

[8] Eight days after filing his notice of appeal, Winters filed a motion to reassess damages and supporting memorandum of law. *See* Motion to Reassess Damages, 5/9/24. The court dismissed the motion with prejudice pursuant to Pa.R.A.P. 1701(a), which prevents a trial court from proceeding further in a case after an appeal has been taken.

***Corporation***, 270 A.3d 1185, 1192 (Pa. Super. 2022).  A trial court should

only grant summary judgment:

> in cases where the record contains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  The moving party has the burden to demonstrate the absence of any issue of material fact, and the trial court must evaluate all the facts and make reasonable inferences in a light most favorable to the non-moving party.  The trial court is further required to resolve any doubts as to the existence of a genuine issue of material fact against the moving party and may grant summary judgment only where the right to such a judgment is clear and free from doubt.

***Id***., 242 A.3d at 649-50 (internal citations omitted); ***Dobransky v. EQT***

***Production Company***, 273 A.3d 1133, 1139 (Pa. Super. 2022) (*en banc*).

A party responding to a summary judgment motion cannot rest upon his

own pleading but must identify one or more issues of fact arising from

evidence in the record "contravening the evidence cited in support of the

motion or from a challenge to the credibility of one or more witnesses

testifying in support of the motion[.]"  Pa.R.Civ.P. 1035.3 (a)(1).  ***See Bank***

***of America, N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014) (stating

non-moving party must set forth specific facts demonstrating a genuine issue

of material fact); ***accord Salsberg v. Mann***, 310 A.3d 104, 132 (Pa. 2024)

(affirming grant of summary judgment motion where non-movant failed to

establish a genuine issue of material fact); ***Bailer v. The Shipley Energy***

***Company***, --- A.3d ---, 803 MDA 2024 at 7 (Pa. Super., filed May 21, 2025)

(stating non-party may not merely rely on its pleadings or answers in order

to survive summary judgment).

Additionally, asserting a general denial in an answer may be considered an admission to the fact pleaded in the complaint to which it responds where specific denials are required. *See Gibson*, 102 A.3d at 467, citing Pa.R.Civ.P. 1029(b); *but see U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 397 (Pa. Super. 2015) (concluding a general denial based on lack of knowledge would not be considered an admission where there was evidence supporting the claimed lack of knowledge).

The holder of a mortgage is entitled to summary judgment in a mortgage foreclosure action where there are no genuine issues of fact that (1) the mortgage is in default, (2) the mortgagor failed to pay on the obligation, and (3) the recorded mortgage is in the specified amount. *See Gibson*, 102 A.3d at 465.

Winters asserts he specifically denied the allegations in Pingora's complaint and affirmatively asserted the existence of a loan modification sufficient to create issues of fact precluding summary judgment. *See* Winters's Brief at 4-5. He claims his answer and defenses provided sufficient notice for Pingora to respond to his claim of a loan modification and raise the allegations it offered him flex modification trial plans. *See id*. at 5. He further argues: 1) he did not simply rest on his pleadings, 2) there could have been other loan modifications, and 3) the court violated the *Nanty-Glo* rule[9] by

_____

[9] *See Borough of Nanty-Glo v. American Surety Co. of New York*, 163 A. 523, 524 (Pa. 1932) (holding that a party moving for summary judgment
*(Footnote Continued Next Page)*

- 7 -

accepting Pingora's evidence to resolve factual disputes on motion for summary judgment. *See id*. at 5-7.

Winters also asserts, for the first time in this appeal, he only obtained financing to purchase a 10.3-acre parcel and separately purchased a vacant lot. He suggests Pingora is attempting to foreclose on two lots, but Pingora was only assigned the note on one of the two lots. *See id*. at 7.[10]  Finally, Winters refers to his own breach of contract action against Pingora (as well as documents and pleadings at issue in that case which are not of record in the instant case) to conclude Pingora's alleged breach should have prevented it from proceeding with a mortgage foreclosure action. *See id*. at 8.

The trial court found Winters failed to provide specific details about the alleged Bank of America loan modification and his allegation that discovery in his breach of contract case could alter the court's grant of summary judgment did not support the grant of reconsideration, particularly considering Winters's lack of vigilance in moving that case forward. *See* Order and Memorandum,

_____

may not rely solely upon its own testimonial affidavits or depositions, or those of its witnesses, to establish the non-existence of genuine issues of material fact).

[10] Winters's claim that Pingora is foreclosing on more property than it is entitled to appears to rely on alleged discrepancy among the mortgage document, which listed two lots, 30-2-28.1 and 30-2-28, subject to the mortgage, the complaint, which sought foreclosure on the two lots, and the assignment document which seems to show Pingora's assignment had been recorded.

4/1/24, at 2 (unnumbered); Order and Memorandum, 4/23/24, at 2 (unnumbered).

The trial court did not err by granting Pingora's summary judgment motion. Winters presents no evidence to show the mortgage is not in default, he paid on the obligation, or the recorded mortgage is not in the specified amount. *See Gibson*, 102 A.3d at 465. Further, Winters's averment of a loan modification fails because he offers no evidence to support that assertion; he simply relies on his pleadings and answers. He has accordingly failed to demonstrate the existence of a genuine issue of material fact that could defeat the grant of summary judgment. *See Salsberg*, 310 A.3d at 132; *Gibson*, 102 A.3d at 464.[11]

Winters' argument that Pingora foreclosed on more property than was subject to the mortgage is waived because he raises this issue for the first time on appeal. *See* Pa.R.A.P. 302(a). To the extent Winters claims Pingora breached the mortgage agreement first, he did not make that assertion in the mortgage foreclosure action but raised it for the first time in a *pro se* motion for reconsideration, which was a legal nullity. *See S.C.B. v. J.S.B.*, 218 A.3d at 911 n.4. Additionally, this claim is also waived. *See Erie Ins. Exchange v. Larrimore*, 987 A.2d 732, 743 (Pa. Super. 2009).[12]

---

[11] Although Winters tangentially referred to discovery in his response to the summary judgment motion, he does not argue that the trial court erred in granting summary judgment without an opportunity for discovery.

*(Footnote Continued Next Page)*

Because Winters failed to demonstrate the existence of a genuine issue of material fact, he cannot demonstrate the trial court erred by granting Pingora's motion for summary judgment. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/25/2025

---

[12] Winters filed a reply brief raising additional matters that he did not preserve in the trial court, namely, casting aspersions on Nationstar Mortgage LLC. **See** Winters's Reply Brief at 2. His reply brief also asserts that he did not waive his arguments based on his own breach of contract action against Pingora because he raised the issue in his motion for reconsideration of the summary judgment order. **See id**. at 3-4. He cites no authority for the proposition that waiver does not apply. **See id**. Winters also suggests his motion for reconsideration preserved his claim about the properties on which Pingora was entitled to foreclose. That suggestion finds no record support; to the extent he intends to refer to documents in the breach of contract action, they are not of record.